UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| POWER MANAGEMENT CONTROLS, INC., | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| DANFOSS, LLC, D/B/A DANFOSS DRIVES, | § § § § | |
| *Defendant.* | § § | |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441(b), defendant Danfoss, LLC ("Danfoss"), by its attorneys, Quarles & Brady, LLP, hereby removes this action (No. 16-CV-0122) from the 122nd District Court for Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. As grounds for removal, Danfoss states as follows:

1.  This lawsuit generally concerns the alleged breach of a sales agreement between plaintiff Power Management Controls, Inc. ("PMCI") and defendant Danfoss. PMCI alleges that Danfoss made certain sales prohibited by the sales agreement and made other sales without appropriately compensating PMCI. PMCI seeks damages for breach of contract and attorney fees.

2.  Removal is based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3.  Plaintiff PMCI is a Nevada corporation with its principal place of business in League City, Texas.

4. Defendant Danfoss is a single-member limited liability company organized under the laws of Delaware.

5. The sole member of Danfoss, LLC is Danfoss Power Solutions (US) Company, a Delaware corporation with its principal place of business in Ames, Iowa.

6. There is complete diversity between the parties.

7. Based upon the allegations in the complaint, the amount in controversy exceeds $75,000. Specifically, plaintiff PMCI claims its damages "far exceed $100,000.00" (*see* Petition ¶ 1) and seeks "monetary relief over $1,000,000.00" (*see* Petition ¶ 5).

8. All of the requirements for diversity jurisdiction are met.

9. The petition in this matter was filed as civil action no. 16-CV-0122 in the 122nd District Court for Galveston County, Texas on January 28, 2016. Citation was served upon defendant Danfoss via its registered agent for service of process on February 2, 2016.

10. Pursuant to 28 U.S.C. § 1446(b)(1), the deadline for removal of this matter is 30 days after Danfoss received the petition, i.e., March 3, 2016.

11. This removal is timely.

12. No jury demand was made in state court. Danfoss reserves the right to file a jury demand within 14 days of this notice of removal pursuant to Fed. R. Civ. P. 81(c)(3)(B) and Fed. R. Civ. P. 38.

13. In compliance with 28 U.S.C. § 1441(a) and Local Rule 81, a copy of all process, pleadings, and orders served on the removing defendant in the state court

proceeding, along with the docket sheet, and index of matters being filed, and a list of counsel, are attached to the Notice of Removal as an Appendix.

14. No orders have been signed by the state judge. There are no pleadings other than the petition in this matter, and Danfoss has not yet filed its answer. This matter is the only matter being removed pursuant to this notice.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal is being given to all adverse parties and is being filed with the District Clerk of Galveston County, Texas.

Dated this 26th day of February, 2016.

Respectfully submitted,

QUARLES & BRADY, LLP

/s/  Steven J. Berryman

Steven J. Berryman (*pro hac vice* pending)
Andrew P. Beilfuss (*pro hac vice* pending)
James E. Goldschmidt (*pro hac vice* pending)

411 E. Wisconsin Avenue, Suite 2400
Milwaukee, WI  53202
(414) 277-5000

MILLS SHIRLEY LLP
Robert A. Davee
(Texas Bar No. 05411000 / Fed. Id.  8578)
George W. Vie III
(Texas Bar No. 20579310 / Fed. Id.  12402)
2228 Mechanic Street
Suite 400, P.O. Box 1943 (77553)
Galveston, TX  77550
(409) 763-2341

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service on known Filing Users will be automatically accomplished through the Notice of Electronic Filing.  Counsel who are not Filing Users are receiving a true and accurate copy of the foregoing served via United States mail, first-class, postage pre-paid, email and fax this 26th day of February, 2016.

/s/  Steven J. Berryman

Steven J. Berryman (*pro hac vice* pending)